# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES FIELDS, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-14-65-R ) |
| STATE OF OKLAHOMA, et al., | ) ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a prisoner appearing *pro se*, filed this action seeking a Writ of Mandamus. Pursuant to an order entered by United States District Judge David L. Russell, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B) and (C). For the following reasons, it is recommended that this action be **DISMISSED** without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

## I. BACKGROUND

Petitioner brings this action seeking a writ of mandamus with regard to three criminal cases now pending against him in the Oklahoma state courts.[1] Case Nos. CF-2013-2827; CF-2012-6951; and CF-2013-1262, District Court of Oklahoma County.[2]

---

[1] Petitioner filed an "Amended Writ of Mandamus," but it is obviously meant as a supplement to the original request for a writ. *See* ECF No. 5. The undersigned has considered both.

[2] Petitioner also lists Case No. CF-2011-2623, District Court of Oklahoma County. However, the charges in that case were dismissed by the State when Petitioner entered a veteran's diversionary program. OSCN Electronic docket, http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-2011-2623&db=Oklahoma&submitted=true (accessed Aug. 20, 2014). It appears that Petitioner only lists this case in connection with his claim that the public defender has a conflict of interest because he chairs the diversionary program into which Petitioner was placed.

First, he seeks a writ commanding the state judges presiding over his pending criminal cases to "cease proceedings." ECF No. 1:1. Second, he claims that the state judge presiding over one of his cases refused to appoint a lawyer for Petitioner because Petitioner had the money to make bond. ECF No. 1:2. Third, he also seeks a writ pertaining to the refusal of one of the state district judges to respond to Petitioner's request for an injunction with regard to several previous rulings the judge made in one of his cases. ECF No. 1:3. Petitioner also wants the public defender's office "dismissed" citing various alleged ethical violations. ECF No. 1:3. Finally, he seeks a writ ordering the Oklahoma County Court Clerk to provide him with "original police and arrest reports." ECF No. 1:3.

## II. DISCUSSION

The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger,* 401 U.S. at 44–45). "The classic example of" the *Younger* doctrine "is a federal suit to enjoin a pending state criminal proceeding." *D.L. v. Unified Sch. Dist. No. 497,* 392 F.3d 1223, 1227–28 (10th Cir. 2004) (citations omitted).

The Supreme Court has established three factors relevant to the decision as to whether abstention is required under *Younger. Seneca–Cayuga Tribe of Okla. v. Okla. ex rel. Thompson,* 874 F.2d 709, 711 (10th Cir. 1989) (citing *Middlesex County Ethics*

*Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). These factors ask the court to determine whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.*

The undersigned finds that the three *Younger* conditions are met in this case. First, Petitioner is involved in three state criminal proceedings that are ongoing. Second, he has not shown that the state court is not an adequate forum to hear his constitutional challenges. *Cf. Crown Point I, LLC,* 319 F.3d at 1215 (holding that state court was inadequate forum where state court held that plaintiff was collaterally estopped from raising constitutional challenges); *Joseph A. ex. rel Wolfe v. Ingram,* 275 F.3d 1253, 1274 (10th Cir. 2002) (holding that *Younger* abstention cannot be avoided by purported class action as long as individual relief can be provided by state court).

Finally, the undersigned notes that Petitioner filed a "Petition for Writ of Habeas Corpus (Amended)." ECF No. 27. However, reviewing this document in its entirety leads the undersigned to find that although Petitioner was addressing the custody requirement and jurisdiction of the court, the nature of his request is still his request for mandamus relief.

If Petitioner were to be convicted in state court, the only proper way to seek review in federal court is by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Although the undersigned might construe the Petitioner's instant petition as one brought pursuant to 28 U.S.C. § 2254 upon proper notice to Petitioner, it declines to do so given that it appears highly unlikely that Petitioner has satisfied the statutory prerequisite to federal court review—exhaustion of state court remedies—given that he has not yet been convicted.

For the reasons discussed above, it is recommended that Petitioner's request for a writ of mandamus be dismissed without prejudice under *Younger.*

## **RECOMMENDATION**

In light of the forgoing, the undersigned hereby recommends that this action be **DISMISSED WITHOUT PREJUDICE** on grounds of abstention under *Younger v. Harris*, 401 U.S. 37 (1971). In light of this recommendation, it is further recommended that the following pending motions be **DENIED AS MOOT: ECF Nos. 23, 24, and 30.** Petitioner is advised that any objections to this Report and Recommendation must be filed with the Clerk of this Court on or before **September 11, 2014**, in accordance with 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual findings and the legal issues decided herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation **disposes of all issues** referred to the Magistrate Judge in the captioned matter.

**ENTERED** on August 25, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE