# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES FIELDS, JR., | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     Case No. CIV-14-65-R |
| | ) |
| STATE OF OKLAHOMA, et al., | ) |
| | ) |
|     Respondents. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered August 25, 2014. Doc. No. 45. Petitioner has filed an objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 47. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

Petitioner, a pretrial detainee, seeks a writ of mandamus and a writ of habeas corpus regarding three criminal cases pending against him in Oklahoma state court. He asks the Court to order the State of Oklahoma and the state judges to "cease proceedings," order the court clerk's office to provide Petitioner with the original police arrest reports, order the state court to dismiss the public defender's office because of a conflict of interest and other unethical conduct, and to order Attorney Eric Cotton to return evidence pertaining to a 42 U.S.C. § 1983 claim. Doc. No. 1, at 1, 3; Doc. No. 5.[1] Petitioner also complains of the state judge's refusal to appoint him a lawyer because he

---

[1] Although Petitioner has filed an "Amended Writ of Mandamus," Doc. No. 5, the Court interprets this document as a supplement to his original Writ of Mandamus, Doc. No. 1.

could afford to post bond, and one judge's failure to respond to his request for an injunction related to his denied motions. Doc. No. 1, at 2-3.[2]

The Magistrate Judge recommends dismissing Petitioner's action without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner objects, arguing that he has alleged "clear abuse of discretion or usurpation of judicial authority" because the state court has not ruled on any motions in a timely manner, including his motion for a writ of habeas corpus. Doc. No. 47, at 1, 3. To the extent Petitioner's request is interpreted as a petition for writ of mandamus, federal courts do not have authority to issue such a writ to state officials.[3] Regarding Petitioner's request to order Attorney Eric Cotton to return evidence to him, the Court declines to exercise jurisdiction over this matter pursuant to *Younger*.

To the extent Petitioner's request is interpreted as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, he must first exhaust state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Petitioner has the burden of proving that he exhausted state remedies or that exhaustion would be futile. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). He alleges that he has filed a petition for a writ of habeas

---

[2] Petitioner also asked the Court in the petition for a writ of habeas corpus filed May 16, 2014 to order the agency that has custody of him to forward payment from his account to the court clerk. Doc. No. 27, at 3. This request is now moot because Petitioner has paid the partial filing fee requested by the Court. Doc. No. 44.

[3] 28 U.S.C. § 1361 (providing for original jurisdiction to compel "an officer or employee of the *United States* or any agency thereof to perform a duty owed to the plaintiff") (emphasis added)); *Nelson v. Tulsa Cnty. 14th Judicial Dist.,* 124 F.3d 217, 217 (10th Cir. Sept. 16, 1997) (unpublished op.) ("Section 1361 by its plain language does not provide federal district courts jurisdiction to grant a writ of mandamus against state officials." (citing *Cauthon v. Finney*, 81 F.3d 172, 172 (10th Cir. 1996) (unpublished op.))); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge."); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 n.5 (10th Cir.1986) ("We have no authority to issue [ ] a writ [of mandamus] to 'direct state courts or their judicial officers in the performance of their duties.'" (citation omitted)).

corpus in state court and the court has either not ruled on the petition or has not ruled on it in a timely manner. Doc. No. 1, at 3; Doc. No. 47, at 1, 3. If the Court has not ruled on his petition, he may request a writ of mandamus from the Oklahoma Court of Criminal Appeals ("OCCA") asking that it order the district court to issue a ruling. Rules of the Oklahoma Court of Criminal Appeals, Rule 10.6(B). If the state court has ruled on his petition, he may appeal any denial to the OCCA. *Id.*, Rule 10.6(C). Absent allegations of taking such action, Petitioner has failed to satisfy his burden of demonstrating exhaustion of state remedies.

In accordance with the foregoing, the Court hereby adopts the Magistrate Judge's recommendation that this action be dismissed without prejudice, albeit for reasons other than those provided in the Report and Recommendation. The remaining motions filed by Petitioner, Doc. Nos. 23, 24, 30, 46, are therefore moot.

IT IS SO ORDERED this 9th day of October, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE